**Eddy LOUIS, Plaintiff,**

v.

**GENEVA ENTERPRISES, INC., Defendant.**

No. CIV. A. 00–1225–A.

United States District Court, E.D. Virginia, Alexandria Division.

Sept. 18, 2000.

Kenneth E. Labowitz, Dingman Labowitz, Alexandria, VA, for Plaintiff.

John V. Toothman, Toothman & White, Alexandria, VA, for Defendant.

### MEMORANDUM ORDER

LEE, District Judge.

THIS matter is before the Court on Defendant's Motion to Dismiss or Stay Counterclaim pending arbitration. For the reasons stated below, it is hereby

ORDERED that Defendant's Motion is DENIED with respect to Plaintiff's Fair Labor Standards Act claim and Defendant's Motion to stay pending arbitration is GRANTED with respect to Plaintiff's Virginia worker's compensation claim.

The issue presented is whether this Court should grant Defendant's Motion to Dismiss or Stay Counterclaims Pending Arbitration pursuant to the Federal Arbitration Act when an employee brings a Fair Labor Standards Act claim and a state worker's compensation claim against its employer in district court, even though the plaintiff signed an employment contract which stated that he would submit all employment disputes to arbitration. After a close review of the submissions and arguments of the parties, this Court holds that a plaintiff has a right to vindicate his Fair Labor Standards Act claim in court. However, Plaintiff's pendant Virginia worker's compensation claim has no congressional mandate precluding arbitration, therefore, Plaintiff must arbitrate the claim pursuant to the governing arbitration agreement.

### I. BACKGROUND.

Defendant Geneva Enterprises, Inc., hired Plaintiff Eddy Louis in August, 1996, as a lot attendant at Defendant's Rosenthal Jaguar dealership. When hired, Plaintiff signed an arbitration agreement. The relevant sections of the arbitration agreement read:

> *Submission to Arbitration:* I EXPRESSLY AGREE THAT ... *ANY CLAIM* THAT ARISES OUT OF, OR RELATES TO, MY EMPLOYMENT OR TERMINATION OF MY EMPLOYMENT WITH THE COMPANY, *MUST BE RESOLVED THROUGH FINAL AND BINDING ARBITRATION* ... *This includes, but is not limited to,* any claim arising out of (1) any statute or regulation ...

> \* \* \* \* \* \*

> *Pre–Arbitration Efforts to Resolve Disputes:* Before any dispute may be submitted to arbitration under this Agree-

ment, party *must give written notice* to the Company *of the existence of a dispute within 60 days* of the date on which I became aware of, or should have known, of the facts that created the basis for the dispute; *otherwise, the claim shall be void and deemed waived.*

\* \* \* \* \* \*

*The Limits and Procedures:* The aggrieved party *must submit the dispute to arbitration,* as provided in paragraph 3 above, *within 180 days* of the date on which that party first knew or should have known of the facts that created the basis for the claim; *otherwise, the claim shall be void and deemed waived.* ·

Defendant's Exhibit A. Plaintiff originally began to work seven hour days, five days a week. Then, Plaintiff's work day increased to twelve hour work days, five days a week. In September, 1999, Plaintiff filed a worker's compensation claim for an eye injury which allegedly occurred on the job. Defendant fired Plaintiff on October 17, 1999. Plaintiff brings suit against Defendant alleging that he is entitled to certain pay under the Fair Labor Standards Act, and Virginia's workers compensation laws. Defendant motions this Court to dismiss the claim or stay the counterclaim pending arbitration of the claims in accordance with the arbitration agreement.

## II. Parties Contentions.

Defendant argues that Plaintiff's action should be dismissed, or stayed pending arbitration because the agreement signed by Plaintiff requires him to arbitrate his claims. Defendant notes that Plaintiff signed its "Arbitration Policy" whereby he agreed to final and binding arbitration of any claim that arises out of, or relates to, his employment. *See* Defendant's Exhibit A. Defendant's argue that the Fourth Circuit has consistently held that agreements to arbitrate should be enforced unless Congress intended to preclude the waiver of a judicial forum under a particular statute. *See Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 35, 111 S.Ct.

1647, 114 L.Ed.2d 26, (1991); *Austin v. Owens–Brockway Glass Container, Inc.,* 78 F.3d 875 (4th Cir.1996). Defendant argues further that "due regard must be given to federal policy favoring arbitration . . ." *Volt Info. Sciences, Inc., v. Board of Trustees of Leland Stanford Jr. Univ.,* 489 U.S. 468, 475–76, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). Defendant argues that the 60 day notice period, and 180 day statute of limitations period within the signed agreement should prevail over the three year statute of limitations provided for within the FLSA. Therefore, Plaintiff should be prohibited from bringing his claim since 180 days has elapsed since his cause of action began to accrue.

Plaintiff argues that he is exempt from being required to arbitrate his claim for two reasons. First, he argues that his Fair Labor Standards Act claim is not subject to arbitration because it limits his substantive rights. Specifically, Plaintiff argues that the Fair Labor Standards Act allows for liquidated damages and attorneys' fees, yet the arbitration agreement makes no provision for such recovery. *See* 29 U.S.C. § 216(b); Defendant's Exhibit A. Plaintiff also argues that the agreement's imposition of a 60 day notice period and a 180 day limitation period alters the congressionally mandated three year statute of limitations for a willful violation of the Fair Labor Standards Act. *See* Defendant's Exhibit A; 29 U.S.C. § 201 et. al. Furthermore, Plaintiff contends that unlike other statutes, the Fair Labor Standards Act does not contain any provisions encouraging arbitration. *See Austin v. Owens–Brockway Glass Container, Inc.,* 78 F.3d 875 (4th Cir.1996).

Second, Plaintiff argues that the arbitration agreement is unilateral, not binding on Defendant, and therefore unenforceable. Specifically, Plaintiff notes that while the language of the agreement states that the employee agrees to take claims to arbitration, there is no similar language requiring the employer to do the same. Plaintiff also notes that only the employee,

not the company, has an obligation to give notice of an impending claim. Plaintiff bases his arguments on a line of cases which question the applicability of the Federal Arbitration Act to employment contracts. *See Circuit City Stores, Inc. v. Adams,* 194 F.3d 1070 (9th Cir.1999), *cert. granted,* —— U.S. ——, 120 S.Ct. 2004, 146 L.Ed.2d 955 (U.S. May 22, 2000); *Craft v. Campbell Soup Co.,* 177 F.3d 1083 (9th Cir.1999). Plaintiff argues further that the party with dominant economic power may not require another to surrender substantive rights that Congress afforded them in a statute. *See Graham Oil Co., v. ARCO Prods. Co.,* 43 F.3d 1244 (9th Cir. 1994).

## III. ANALYSIS.

### A. *Authority to Stay Proceedings.*

The Federal Arbitration Act ("FAA") cloaks this Court with the authority to enforce arbitration agreements. 9 U.S.C. § 1 et. al. (1999). Section 3 of the FAA provides "[i]f any suit ... be brought in any of the courts of the United States upon any issue referable to arbitration, the court in which such suit is pending ... shall ... stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement ..." 9 U.S.C. § 3 (1999). Therefore, the FAA gives courts the power to stay an action pursuant to an arbitration agreement until after the arbitration.

### B. *The Signed Arbitration Agreement is Enforceable.*

 The signed arbitration policy is enforceable as an arbitration agreement. The Supreme Court clearly acknowledges that "agreements to arbitrate statutory claims are enforceable." *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 26, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). An arbitration agreement is enforceable if there is sufficient consideration, and a mutual promise to arbitrate constitutes sufficient consideration. *See Johnson v. Circuit City Stores,* 148 F.3d 373, 377–8 (4th Cir.1998). *Id.* at 378. In *Johnson,* the Fourth Circuit found that a mutual promise existed when a potential employee signed an agreement to arbitrate as a condition of her employment.[1] Similar to the case at issue, the agreement did not require anything of the employer. *See id.* at 378. Nonetheless, such agreement was sufficient for the Court to prohibit Plaintiff from bringing her claim in district court.

In this case, the arbitration agreement is a mutual agreement between the parties. Plaintiff argues that the arbitration agreement lacks mutuality, and therefore unenforceable. *See* Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss or Stay Case Pending Arbitration ("Plaintiff's Opposition"), p 5. Nonetheless, Plaintiff admits that at the time of his hiring he was required to sign Defendant's arbitration policy. Plaintiff's Opposition, p 2. Such statement amounts to an admission that Defendant required Plaintiff to sign and agree to arbitrate his claims before Defendant would hire him. Under *Johnson,* such exchange is sufficient consideration to make the agreement mutual. Therefore, this Court holds that the agreement is an enforceable mutual agreement.

### C *Pursuant to the Enforceable Arbitration Agreement, Plaintiff's Worker's Compensation Claim must be Stayed Pending Arbitration.*

 Plaintiff's workers compensation claim must be stayed pending arbitration. "[O]nce parties have contracted to arbitrate a statutory matter, the parties should be held to that agreement unless Congress

---

1. The agreement reads "I understand that [the employer] makes available arbitration for resolution of grievances. I also understand that as a condition of employment and continued employment, I agree to submit any complaints to the published process and agree to abide by and accept the final decision of the arbitration panel as ultimate resolution of my complaints for any and all events that arise out of the employment or termination of employment." *Johnson,* 148 F.3d at 378.

intended to prohibit arbitration of that matter." *Austin v. Owens–Brockway Glass Container,* 78 F.3d 875, 880–881 (4th Cir.1996), *citing, Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). Plaintiff cites no legislative intent precluding arbitration of a workers compensation claim. Moreover, the agreement reads "any claim that arises out of, or relates to, my employment or termination of my employment with the company, must be resolved through final and biding arbitration ..." Defendant's Exhibit A. Plaintiff's worker's compensation claim arises out of an injury to his eye which allegedly occurred on the job. Therefore, the claim is subject to the agreement to arbitrate. Under the enforceable agreement, Plaintiff is required to submit his claim to final and binding arbitration. Pursuant to Section 3 of the Federal Arbitration Act this Court stays Plaintiff's Virginia state workman's compensation claim so that the claim may be arbitrated in accordance with the signed agreement.

D. *Notwithstanding the Enforceable Arbitration Agreement, Plaintiff May Bring his Fair Labor Standards Act Claim in District Court.*

██ Even though the arbitration agreement is enforceable against Plaintiff, it does not preclude him from bringing his FLSA claim in district court. Unlike other claims, Congress did have the intent to preclude waiver of an FLSA claim. *See Barrentine v. Arkansas–Best Freight Systems, Inc.,* 450 U.S. 728, 739, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981). Under *Barrentine,* the Supreme Court creates an FLSA exception to the general rule that agreements to arbitrate should be enforced as a waiver abridging a plaintiff's right to file a claim in court. The relevant provisions creating such an exception are as follows:

> The statutory enforcement scheme grants individual employees broad access to the courts, Section 16(b) of the [Fair Labor Standards] Act, 29 U.S.C. § 216(b), which contains the principal enforcement provisions, permits an aggrieved employee to bring his statutory wage and hour claim 'in any Federal or State court of competent jurisdiction.' No exhaustion requirement or other procedural barriers are set up and no other forum for enforcement of statutory rights is referred to or created by the statute ... FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate.

*Id.* at 739–40, 101 S.Ct. 1437. In *Barrentine,* the Supreme Court decided the issue of whether the petitioner who already submitted his case to arbitration could then pursue his claim in court. Due to the importance of the substantive rights protected under the FLSA, the Supreme Court held that the petitioner's claim was not barred by the prior submission of Plaintiff's grievance to contractual dispute resolution procedures. *Id.* at 740, 101 S.Ct. 1437.

The Second Circuit adopts the Supreme Court's reasoning in *Barrentine* that a person with an FLSA claim has a statutory right to have his case heard in court. *See Tran v. Tran,* 54 F.3d 115, 118 (2nd Cir.1995). Drawing from the reasoning in *Barrentine,* the Court held that the plaintiff was not required to exhaust his arbitration remedy, pursuant to a collective bargaining agreement, prior to filing his FLSA claims. *See Tran,* 54 F.3d at 118; *See also Austin v. Owens–Brockway Glass Container,* 78 F.3d 875, 883 (1996)(where the Fourth Circuit notes the *Tran* court's distinction between FLSA and other statutory claims with regard to arbitration agreements and access to the courts). Therefore, under *Barrentine* and *Tran* a plaintiff bringing an FLSA claim has a right to have their claim heard in court before he exhausts his arbitration remedy pursuant to a signed agreement.

██ In the case at issue, the signed arbitration policy subjects all of Plaintiff's

claims to arbitration. *See* Defendant's Exhibit A. Nonetheless, under *Barrentine* and *Tran,* such agreement does not preclude Plaintiff from filing his FLSA claim in district court. Therefore, this Court holds that Plaintiff has a right to have his claim heard in court in spite of the language within the agreement.[2]

## IV. CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss or Stay Counterclaims Pending Arbitration is denied in part and granted in part. It is hereby

ORDERED that Defendant's Motion to Dismiss with respect to Plaintiff's Fair Labor Standards Act claim is DENIED. Defendant's Motion to Stay with respect to Plaintiff's Virginia worker's compensation claim is GRANTED.

The Clerk is directed to forward a copy of this order to counsel of record.

---

**2.** Contrary to Defendant's argument that the limitations period contained within the agreement should control, the three year statute of limitations under the Fair Labor Standards Act applies to Plaintiff's Fair Labor Standards Act claim. *See Sokolowski v. Flanzer,* 769 F.2d 975 (4th Cir.1985) (acknowledging that the statute of limitations contained within a statute creating a new legal liability is a substantive matter, therefore the period of limitations within the Act controls).