**CIRCUIT CITY STORES, INC.,**
a Virginia corporation,
Petitioner–Appellee,

v.

**Mohammad Sharfuddin AHMED,**
Respondent–Appellant.

No. 98–55896.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 26, 2001.

Filed March 22, 2002.

Andrew M. Wyatt, Woodland Hill, CA, for the respondent-appellant.

Rex Darrell Berry, Davis, Grimm & Payne, Seattle, WA, for the petitioner-appellee.

Before B. FLETCHER, D.W. NELSON, and BRUNETTI, Circuit Judges.

## OPINION

D.W. NELSON, Circuit Judge.

The Supreme Court vacated this Court's prior decision in this case and remanded for proceedings in accordance with its opinion in *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001). This case in its current posture raises issues identical to those we addressed on remand in *Adams*, 279 F.3d 889(9th Cir.2002), except that the arbitration agreement at issue in this case allowed employees a meaningful choice not to participate in the program. We find this difference—the genuine possibility to opt-out of the arbitration program—to be dispositive and therefore affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In March 1995, Mohammad Sharfuddin Ahmed began working as a sales counselor at Circuit City. A month later, Circuit City instituted an "Associates Issue Resolution Program" that included a provision calling for "binding arbitration of legal disputes." On April 4, 1995, Ahmed signed an "Associate Receipt of Issue Resolution Package" form. The package contained (1) an Associate Issue Resolution Handbook, (2) the Circuit City Dispute Resolution Rules and Procedures, and (3) a Circuit City "Opt Out" Form. If Ahmed did not mail the opt-out form to Circuit City within 30 days, the materials indicated in several places that Ahmed would be "automatically part of the arbitration program" and "required to arbitrate all employment related legal disputes" with Circuit City. If Ahmed had decided to opt-out of the arbitration program, he would have been allowed to keep his job and not participate in the program. Ahmed did not mail in the opt-out form.

On December 15, 1997, Ahmed filed a state court lawsuit against Circuit City and three co-workers under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 et seq. Circuit City sought mutually binding arbitration under Section 4 of the FAA. On April 6, 1998, the district court below filed an order staying Ahmed's state court action and compelling arbitration, from which Ahmed appealed. We reversed on the ground that Ahmed's employment contract was exempted from the FAA's coverage based on *Craft v. Campbell Soup Co.*, 177 F.3d 1083 (1999). The Supreme Court granted certiorari, vacated our decision, and remanded for further consideration in light of its decision in *Adams*. *See Circuit City Stores, Inc. v. Ahmed*, 532 U.S. 938, 121 S.Ct. 1399, 149 L.Ed.2d 342 (2001).

## II. DISCUSSION

This case raises identical issues to those we addressed in *Circuit City v. Adams*, No. 98–15992, with one important difference: in this case, Ahmed was given a meaningful opportunity to opt out of the arbitration program.

An agreement to arbitrate is unconscionable only if it is both procedurally and substantively unconscionable. *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal.4th 83, 99 Cal.Rptr.2d 745, 6 P.3d 669, 690 (2000). In *Adams*, we found that the agreement was procedurally unconscionable because it was a contract of adhesion. By contrast, this case lacks the necessary element of procedural unconscionability. Ahmed was not presented with a contract of adhesion because he was given the opportunity to opt-out of the Circuit City arbitration program by mailing in a simple one-page form. Moreover, and apart from its non-adhesive nature, the arbitration agreement here also lacked any other indicia of procedural unconscionability. The terms of the arbitration agreement were clearly spelled out in written materials and a videotape presentation;

Ahmed was encouraged to contact Circuit City representatives or to consult an attorney prior to deciding whether to participate in the program; and he was given 30 days to decide whether to participate in the program.

■ Ahmed argues that he was not given a meaningful opportunity to opt out of the arbitration program because he did not have the degree of sophistication necessary to recognize the meaning of the opt-out provision or to know how to avoid it, and because 30 days was too short a period in which to make a decision because "an employee is thinking positively about the employment relationship in the first 30 days." Ahmed cites no cases in support of these arguments. Moreover, the general rule is that "one who signs a contract is bound by its provisions and cannot complain of unfamiliarity with the language of the instrument." *Madden v. Kaiser Found. Hosps.*, 17 Cal.3d 699, 131 Cal. Rptr. 882, 552 P.2d 1178, 1185 (1976). Ahmed was given ample opportunity to investigate any provisions he did not understand before deciding whether to opt out of Circuit City's arbitration program.

Because Ahmed fails to satisfy even the procedural unconscionability prong, we need not reach his arguments that the agreement is substantively unconscionable.

### III. CONCLUSION

Based on the foregoing, the district court's order staying the state court proceeding and compelling arbitration is

**AFFIRMED.**