CIRCUIT CITY STORES, INC.,
a Virginia corporation,
Petitioner–Appellee,

v.

Monir NAJD, Respondent–Appellant.

No. 99–56571.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 2001.

Submission Deferred Oct. 10, 2001.

Resubmitted April 18, 2002.

Filed June 24, 2002.

Steven L. Stern, Newport Beach, CA, argued the cause and filed a brief for the respondent-appellant.

Rex Darrell Berry, Davis Grimm Payne Marra & Berry, Seattle, WA, argued the cause and filed briefs for the petitioner-appellee.

Before O'SCANNLAIN and PAEZ, Circuit Judges, and KING, District Judge.*

### OPINION

O'SCANNLAIN, Circuit Judge.

We must decide whether a claim under California's Fair Employment and Housing Act may be subject to compulsory arbitration when the employee does not allege

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

a violation of Title VII of the Civil Rights Act.

## I

Circuit City Stores ("Circuit City") hired Monir Najd as a sales associate in 1985. In 1995, Circuit City instituted the "Associate Issue Resolution Program" at Najd's store of employment. As part of the program, Circuit City distributed a packet of materials to the store's employees, which included a "Dispute Resolution Agreement" (the "DRA"). The DRA provided that "any and all employment-related legal disputes, controversies or claims of an Associate arising out of, or relating to, . . . employment or cessation of employment with Circuit City . . . shall be settled exclusively by final and binding arbitration." The store's current employees were allowed to opt out of the DRA by returning a form to Circuit City's corporate headquarters. Najd acknowledged receipt of the packet in writing and did not exercise his right to opt out.

In February 1997, Alex Khorsand became Najd's supervisor. According to Najd, Khorsand continually harassed him on the basis of his ethnicity, culminating in his termination in February 1998. Najd filed suit against Circuit City and Khorsand in California Superior Court, alleging various common law torts and a violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940(a).

Circuit City responded by filing a petition in federal district court under the Federal Arbitration Act ("FAA"), seeking to stay the state court action and to compel arbitration of Najd's claims. Najd contended that the court lacked diversity jurisdiction, that the DRA did not fall within the scope of the FAA, that he never assented to the DRA, and that the DRA was otherwise invalid and unenforceable. The district court granted the petition and awarded Rule 11 sanctions against Najd, concluding that his arguments ran counter to "overwhelming facts and law" to the contrary. Najd noted a timely appeal.

## II

■ Najd claims that the district court lacked diversity jurisdiction. The FAA does not confer federal question jurisdiction under 28 U.S.C. § 1331. *See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25, n. 32, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Rather, there must be an independent basis for jurisdiction, such as diversity of citizenship under 28 U.S.C. § 1332. *See, e.g., id.*

■ Circuit City and Najd, the only parties in this action, are diverse. However, Najd argues that we must consider the citizenship of Khorsand, who is a defendant in the state court action. If Khorsand's citizenship is considered, complete diversity is lacking because Najd and Khorsand are both California residents. *See, e.g., Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806). However, the citizenship of someone not before the court is irrelevant to the jurisdictional inquiry. *See, e.g., We Care Hair Dev., Inc. v. Engen,* 180 F.3d 838, 842 (7th Cir.1999); *MS Dealer Serv. Corp. v. Franklin,* 177 F.3d 942, 945 (11th Cir. 1999); *Doctor's Assocs., Inc. v. Distajo,* 66 F.3d 438, 445–46 (2d Cir.1995). The district court properly exercised diversity jurisdiction over Circuit City's petition.

## III

■ In his opening brief, Najd argued that the DRA does not fall within the scope of the FAA. Specifically, he argued that § 1 of the FAA exempts all employment contracts from the statute's coverage. *See* 9 U.S.C. § 1 (exempting "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate com-

merce"). While this construction of the FAA was endorsed by *Circuit City Stores, Inc. v. Adams (Adams I)*, 194 F.3d 1070 (9th Cir.1999), the Supreme Court overruled *Adams I* in *Circuit City Stores, Inc. v. Adams (Adams II)*, 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001). Najd concedes, as he must, that *Adams II* directly forecloses his argument in that the Supreme Court held that § 1 is limited to employment contracts of transportation workers. *Id.* at 114, 119, 121 S.Ct. 1302. As such, the DRA falls within the scope of the FAA.

### IV

■ Najd next argues that his claim under California's FEHA is nonarbitrable under *Duffield v. Robertson Stephens & Co.*, 144 F.3d 1182 (9th Cir.1998). *Duffield* held that Congress precluded compulsory arbitration of Title VII claims with the passage of the Civil Rights Act of 1991. *Id.* at 1190. *Duffield* further held that FEHA claims are nonarbitrable when brought with a Title VII claim because "parallel state anti-discrimination laws are explicitly made part of Title VII's enforcement scheme." *Id.* at 1187 n. 3 (internal quotation marks omitted).

Unlike the employee in *Duffield*, Najd did not sue under Title VII. Najd, therefore, has not invoked "Title VII's enforcement scheme," and thus Title VII does not preclude arbitration of his FEHA claim. *See Circuit City Stores, Inc. v. Ahmed*, 283 F.3d 1198, 1200 (9th Cir.2002) (affirming an order compelling arbitration of an FEHA claim when no claim was brought under Title VII).

We also note that *Duffield's* continuing validity is questionable. In *Adams II*, the

Supreme Court broadly stated that "arbitration agreements can be enforced under the FAA without contravening the policies of congressional enactments giving employees specific protection against discrimination prohibited by federal law." 532 U.S. at 123, 121 S.Ct. 1302. Similarly, in *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 122 S.Ct. 754, 764 n. 10, 151 L.Ed.2d 755 (2002), the Court stated, "We have held that federal statutory claims may be the subject of arbitration agreements that are enforceable pursuant to the FAA because the agreement only determines the choice of forum." These recent decisions cast doubt as to whether Congress precluded compulsory arbitration of Title VII claims. *Compare Farac, DPM v. Permanente Med. Group*, 186 F.Supp.2d 1042, 1045 (N.D.Cal.2002) (holding that *Adams II* overruled *Duffield*), *Scott v. Burns Int'l Sec. Servs., Inc.*, 165 F.Supp.2d 1133, 1137 (D.Haw.2001) (same), *Eftekhari v. Peregrine Fins. & Sec., Inc.*, No. C–00–3594–JL, 2001 WL 1180640, at *9 (N.D.Cal. Sept.24, 2001)(same), *with Circuit City Stores, Inc. v. Banyasz*, No. C–01–3106–WHO, 2001 WL 1218406, at *3–*4 (N.D.Cal. Oct.11, 2001) (holding that *Adams II* did not overrule *Duffield*), *Melton v. Philip Morris, Inc.*, No. Civ. 01–93–KI, 2001 WL 1105046, at *3 (D.Or. Aug.9, 2001) (same), *Ferguson v. Countrywide Credit Indus., Inc.*, No. CV–00–13096–AHM(CTX), 2001 WL 867103, at *2 (C.D.Cal. Apr.23, 2001) (same). *See also Borg–Warner Protective Servs. Corp. v. EEOC*, 245 F.3d 831, 835 (D.C.Cir.2001) (suggesting that *Adams II* overruled *Duffield*).[1] Ultimately, we need not decide whether *Duffield* remains good law because Najd did not sue under Title VII.

---

**1.** We note that *Duffield* stands in opposition to the views of our sister circuits. *See Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 170 F.3d 1, 10–11 (1st Cir.1999); *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 203–05 (2d Cir.1999); *Seus v. John*

*Nuveen & Co.*, 146 F.3d 175, 183 (3d Cir. 1998); *Austin v. Owens–Brockway Glass Container, Inc.*, 78 F.3d 875, 880–82 (4th Cir. 1996); *Alford v. Dean Witter Reynolds, Inc.*, 939 F.2d 229, 230 (5th Cir.1991); *Willis v.*

1108

## V

Alternatively, Najd contends that the DRA is unconscionable. Under California law, an agreement is unconscionable only if it is procedurally and substantively unconscionable. *See, e.g., Armendariz v. Found. Health Psychcare Servs., Inc.,* 24 Cal.4th 83, 99 Cal.Rptr.2d 745, 6 P.3d 669, 690 (2000). Najd's contention is foreclosed by our recent decision in *Circuit City Stores, Inc. v. Ahmed,* 283 F.3d 1198, 1200 (9th Cir.2002), in which we held a materially identical agreement formed under substantially similar circumstances not to be procedurally unconscionable. *Id.*

We recognize that we held a materially identical agreement unconscionable in *Circuit City Stores, Inc. v. Adams (Adams III),* 279 F.3d 889, 896 (9th Cir.2002). However, *Ahmed* distinguished *Adams III* on the ground that the employee there did not have the right to opt out of the arbitration program. *See Ahmed* 283 F.3d at 1200. As with the employee in *Ahmed,* Najd had the right to opt out, and therefore *Adams III* is inapposite. In short, *Ahmed* dictates that the DRA is not procedurally unconscionable.[2]

## VI

Najd also claims that the DRA is not a valid contract because he never assented to it and it lacks consideration. Neither *Ahmed* nor *Adams III* explicitly addressed these issues, and thus we proceed to consider them in turn.

*Dean Witter Reynolds, Inc.,* 948 F.2d 305, 307 (6th Cir.1991); *Koveleskie v. SBC Capital Markets, Inc.,* 167 F.3d 361, 365 (7th Cir.1999); *Patterson v. Tenet Healthcare, Inc.,* 113 F.3d 832, 838 (8th Cir.1997); *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 39 F.3d 1482, 1487 (10th Cir.1994); *Bender v. A.G. Edwards & Sons, Inc.,* 971 F.2d 698, 700 (11th Cir.1992); *Cole v. Int'l Sec. Servs.,* 105 F.3d 1465, 1479–80 (D.C.Cir.1997).

Section 2 of the FAA provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Hence, generally applicable contract defenses, such as lack of consideration and mutual assent, may invalidate an arbitration agreement. *See, e.g., Doctor's Assocs., Inc. v. Casarotto,* 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996). The parties agree that we look to California contract law to determine the DRA's validity. *See Ahmed,* 283 F.3d at 1199; *Adams III,* 279 F.3d at 892.

Najd argues that the DRA is not supported by adequate consideration because Circuit City is not required to submit any of its claims against employees to arbitration. *See Adams III,* 279 F.3d at 894. However, Circuit City's promise to be bound by the arbitration process itself serves as adequate consideration. *See Armendariz,* 99 Cal.Rptr.2d 745, 6 P.3d at 692; *see also Michalski v. Circuit City Stores, Inc.,* 177 F.3d 634, 636–37 (7th Cir.1999); *Johnson v. Circuit City Stores,* 148 F.3d 373, 378–79 (4th Cir.1998); *Wright v. Circuit City Stores, Inc.,* 82 F.Supp.2d 1279, 1283 (N.D.Ala.2000); *Morrison v. Circuit City Stores, Inc.,* 70 F.Supp.2d 815, 824 (S.D.Ohio 1999). In other words, Circuit City's promise to submit to arbitration and to forego the option of a judicial forum for a specified class of claims constitutes sufficient consideration.[3]

2. In light of our holding that the DRA is not procedurally unconscionable, we do not consider whether the agreement is substantively unconscionable. *See Armendariz,* 99 Cal. Rptr.2d 745, 6 P.3d at 690 (Cal.2000).

3. In *Armendariz,* the California Supreme Court held a similar agreement substantively unconscionable in part because the agreement only required the employee to submit his claims to arbitration. *Id.* at 692–94.

Alternatively, Najd claims that he did not assent to the DRA because he did not affirmatively opt in to the program. "As a general rule, silence or inaction does not constitute acceptance of an offer." *Golden Eagle Ins. Co. v. Foremost Ins. Co.,* 20 Cal.App.4th 1372, 25 Cal.Rptr.2d 242, 251 (Ct.App.1993). However, "where circumstances or the previous course of dealing between the parties places the offeree under a duty to act or be bound, his silence or inactivity will constitute his assent." *Beatty Safway Scaffold, Inc. v. Skrable,* 180 Cal.App.2d 650, 4 Cal.Rptr. 543, 546 (Ct.App.1960).

Najd and Circuit City were not two typical parties contracting at arm's length. Rather, Najd, as employee of Circuit City, acknowledged receipt of the DRA in writing and was asked to review it within the course of his employment. In other circumstances acceptance by silence may be troubling, and explicit consent indispensable. Here, however, where the import of Najd's silence was as apparent as if he signed his consent, we may infer assent. The acknowledgment form that Najd signed clearly set out in writing the significance of his failure to opt out and described in detail the mechanism by which he could express his disagreement. The explicit opportunity to review the agreement with an attorney highlighted the legal effect of the agreement. Circuit City communicated in detail and in writing the effect of Najd's acceptance on his right to bring claims against his employer. Also, Circuit City made clear that opting out of the agreement would have no effect on the employment relationship. Finally, Najd had thirty days to review the agreement and mull over whether to opt out of it. When, as here, inaction is indistinguishable from overt acceptance, we may conclude that the parties have come to agreement.

Thus, the circumstances of this case permit us to infer that Najd assented to the DRA by failing to exercise his right to opt out of the program. *See Michalski,* 177 F.3d at 636; *Wright,* 82 F.Supp.2d at 1285; *Circuit City Stores, Inc. v. Curry,* 946 S.W.2d 486, 489 (Tex.App.1997); *cf. Ahmed,* 283 F.3d at 1200 (rejecting unconscionability challenge because employee acknowledged the agreement in writing and had a fair chance to review its terms). In sum, we uphold the validity of the DRA.

## VII

Finally, Najd appeals the award of Rule 11 sanctions. The district court concluded that sanctions were appropriate because Najd opposed Circuit City's petition despite "overwhelming facts and law" to the country.

Najd offered several plausible defenses to Circuit City's petition. *See, e.g., Adams III,* 279 F.3d 889 (9th Cir.2002) (holding a materially identical agreement unconscionable if the employee has no right to opt out of the agreement); *Adams I,* 194 F.3d 1070 (9th Cir.1999) (holding that a materially identical agreement does not fall within the scope of the FAA), *overruled by, Adams II,* 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001). Indeed, Najd would have prevailed if not for the Supreme Court's decision in *Adams II,* which was decided while this appeal was pending. We must conclude, in light of such history, that the district court abused its discretion in imposing sanctions. *See, e.g., United Nat'l Ins. Co. v. R & D Latex Corp.,* 242 F.3d 1102, 1117 (9th Cir.2001) (reversing imposition of Rule 11 sanctions because the sanctioned party's argument "had some plausible basis").

However, the court also concluded that the employer's promise to be bound by the arbitration process supplied adequate consideration. *Id.* at 692.

**AFFIRMED in part**, and **REVERSED in part.** Each party shall bear its own costs in this appeal.

PAEZ, Circuit Judge, concurring.

I join the court's opinion, except for the discussion of *Duffield v. Robertson Stephens & Co.,* 144 F.3d 1182 (9th Cir.1998). The assault on the validity of *Duffield* is entirely unnecessary in light of the dissimilarity between the issues raised in *Duffield* and those arising in the instant case. In *Duffield,* we held that the Civil Rights Act of 1991 precludes compulsory arbitration, as a condition of employment, of a civil rights claim brought under Title VII, *id.* at 1190, and state law claims brought in conjunction with the Title VII claim, *id.* at 1187 n. 3. Najd did not allege a Title VII claim. Thus, there is no need to step beyond the boundaries of the case before us in search of issues that, although interesting, are irrelevant to the outcome. The majority's attack on *Duffield's* holding is merely gratuitous.