Carla H. DOMINGO, Plaintiff—
Appellant,

v.

AMERIQUEST MORTGAGE COMPANY, a Delaware corporation, Defendant—Appellee.

No. 02–15232.

D.C. No. CV–01–00483–SOM.

United States Court of Appeals,
Ninth Circuit.

* The Honorable James C. Hill, Senior United States Circuit Judge for the Eleventh Circuit,

Argued and Submitted June 11, 2003.

Decided July 14, 2003.

Before HILL,* T.G. NELSON, and HAWKINS, Circuit Judges.

sitting by designation.

## MEMORANDUM**

Carla H. Domingo appeals the district court's grant of Ameriquest Mortgage Company's ("Ameriquest") motion to compel arbitration and its dismissal of her case. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review the district court's decision de novo,[2] but with "a healthy regard for the federal policy favoring arbitration."[3] We reverse because we conclude that, under Hawaii law, the arbitration contract is an unenforceable contract of adhesion. The facts are familiar to the parties, and we will not recite them here.

A contract of adhesion is unenforceable under Hawaii law if: (1) it resulted from "coercive bargaining between parties of unequal bargaining strength; and (2)[it] unfairly limits the obligations and liabilities of, or otherwise unfairly advantages, the stronger party."[4]

Hawaii courts recognize that contracts for hire are often "take-it-or-leave-it" style contracts of adhesion satisfying the first prong of Hawaii's test.[5] That proves to be the case here. The parties in this case were unequal bargainers and the stronger party, Ameriquest, offered a "take it or leave it" contract to Domingo. Hawaii law requires nothing more.[6]

As for the second prong, we conclude that three provisions of the arbitration agreement "unfairly limit[ ] the obligations and liabilities of, or otherwise unfairly advantage, the stronger party":[7] the forum selection clause, the discovery limitation, and the provision of motions to dismiss and for summary judgment. Another provision also supports our finding of unconscionability: the exemption of otherwise arbitrable claims by Ameriquest. We will address each provision in turn.

We examine the forum selection clause for unconscionability as of the time the parties executed the agreement.[8] By providing for arbitration solely in California, the clause raises the bar for all employees. Employees will generally be in a far worse position than Ameriquest to afford the costs of travel. Indeed, the clause effectively precludes all small claims against Ameriquest. Any rational employee, faced with a small claim and small damages would not bring the claim if the costs of arbitrating would be greater than the damages claimed. Thus, this provision strongly supports a finding of unconscionability.

The discovery provisions—in particular, the provision governing depositions—unfairly advantages Ameriquest as well. Ameriquest will generally have no more than one person to depose: the claimant.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The district court had jurisdiction pursuant to 28 U.S.C. § 1332. Thus, in accord with its diversity jurisdiction and the relevant provision of the Federal Arbitration Act, 9 U.S.C. § 2, the district court properly consulted generally applicable state contract law to resolve the dispute. *See Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892–93 (9th Cir.), *cert. denied*, 535 U.S. 1112, 122 S.Ct. 2329, 153 L.Ed.2d 160 (2002).

2. *Circuit City*, 279 F.3d at 892 n. 2.

3. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

4. *Brown v. KFC Nat'l Mgmt. Co.*, 82 Hawai'i 226, 921 P.2d 146, 167 (1996).

5. *Potter v. Haw. Newspaper Agency*, 89 Hawai'i 411, 974 P.2d 51, 64 (1999); *see Brown*, 921 P.2d at 166–67.

6. *Brown*, 921 P.2d at 166–67.

7. *Id.* at 147.

8. *See* Haw.Rev.Stat. § 490:2–302.

The rest of the witnesses will be in Ameriquest's employ. The employee's ability to gather information from witnesses will be seriously impaired by the provision, however.

When viewed in tandem with the discovery provisions, the provision allowing for motions for summary judgment also works to the employee's disadvantage. Lacking the ability to conduct adequate discovery, the employee will almost never be in a position to move for summary judgment. She will, however, be quite vulnerable to such motions on the part of Ameriquest. And Ameriquest will be in a far better position to make such motions, as the witnesses to the allegedly wrongful action will generally be in its employ.

Thus, three provisions of the agreement strongly support our conclusion that the agreement is unconscionable. The exclusion of certain of Ameriquest's otherwise arbitrable claims,[9] without the exclusion of similar, employee claims,[10] also supports our conclusion. It advantages the stronger party without making any similar accommodations for the weaker one. Accordingly, we conclude that the agreement is an unenforceable contract of adhesion under Hawaii law.[11]

The remaining provisions Domingo cites neither support, nor undermine, our conclusion and have no affect on our analysis.[12] Accordingly, we need not consider whether the dispute over those provisions was moot, as the district court held.

For the foregoing reasons, we reverse and remand for further proceedings.

REVERSED AND REMANDED.

HILL, concurring separately.

In *Circuit City Stores, Inc. v. Adams*, 194 F.3d 1070 (9th Cir.), *rev'd* 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (1999), this court held that employment contracts were beyond the reach of the Federal Arbitration Act. Upon reversal and remand by the Supreme Court, this court decided *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889 (9th Cir.), *cert. denied*, 535 U.S. 1112, 122 S.Ct. 2329, 153 L.Ed.2d 160 (2002). There the Ninth Circuit held that, as employment contracts are generally considered to be unconscionable contracts of adhesion, any arbitration clauses contained within them, judged to be unfair by a court, render them unenforceable.

This circuit has the familiar *stare decisis* rule that one panel cannot overrule a prior panel's holding. Sitting as a member of a panel of the Ninth Circuit, and, respecting *stare decisis*, I concur. *Contra Musnick v. King Motor Co.*, 325 F.3d 1255 (11th Cir. 2003)(Hill, J.).

---

9. *See Pac. Reins. Mgmt. Corp. v. Ohio Reins. Corp.*, 935 F.2d 1019, 1022–23 (9th Cir.1991) (arbitrators may issue, and courts may enforce, equitable and injunctive relief).

10. The agreement exempts no claims of the employee that would otherwise be arbitrable. *See Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 784–85 n. 6 (9th Cir.2002) (noting that workers compensation and un-

employment have "their own adjudicatory systems" and that this fact renders them "an improper subject matter for arbitration").

11. *See Potter*, 974 P.2d at 64; *Brown*, 921 P.2d at 166–67.

12. The panel appreciates counsel's candid letter regarding the statute of limitations issue. It has resolved the panel's concerns.