**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CAROL LAFOUNTAINE,

        Plaintiff-Appellant,

v.

HOLIDAY AL MANAGEMENT SUB
LLC, DBA Holiday Retirement,

        Defendant-Appellee.

No.   20-35105

D.C. No. 6:17-cv-00095-SEH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted October 30, 2020
Portland, Oregon

Before: GRABER, CLIFTON, and IKUTA, Circuit Judges.

      Carol LaFountaine appeals the district court's order granting Holiday AL

Management Sub LLC's motion to compel arbitration. We have jurisdiction under

28 U.S.C. § 1291, and we reverse.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Under Montana law, consent to a contract "requires that there be mutual assent or a meeting of the minds on all essential terms." *Glob. Client Sols., LLC v. Ossello*, 382 Mont. 345, 352 (2016) (quotation marks and citation omitted). LaFountaine did not expressly or impliedly consent to enter into the Arbitration Agreement.

Although the district court found that LaFountaine received the Arbitration Agreement in the mail and LaFountaine acknowledges that she was aware of the Arbitration Agreement and scanned its first page, there is no evidence that LaFountaine consented to the agreement's terms. While LaFountaine did not take any steps to opt out of the Arbitration Agreement, as permitted by its terms, Montana courts have not held that the failure to opt out of an agreement constitutes consent to be bound by that agreement, and under general principles of contract law, silence is deemed to be acceptance only "where the offeree silently takes offered benefits" or "where one party relies on the other party's manifestation of intention that silence may operate as acceptance." Restatement (Second) of Contracts § 69 cmt. a (Am. L. Inst. 1981); *see also* 2 Williston on Contracts § 6:50 (4th ed. 2020). LaFountaine did not accept any consideration or benefit of the agreement, or perform any of its terms. *Cf.* Mont. Code Ann. § 28-2-503. Although LaFountaine continued to work for Holiday, she had been working there

2

for six months.  The parties have identified no Montana judicial decision holding that maintaining the status quo constitutes an acceptance of benefits or a manifestation of intent to be bound by an agreement.  We conclude that LaFountaine did not make any "objective manifestation of assent" that would lead a reasonable person to conclude "that the parties intended to be bound by the contract."  *Chipman v. Nw. Healthcare Corp., Applied Health Servs.*, 373 Mont. 360, 364 (2014) (citation omitted).  Holiday's reliance on *Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104 (9th Cir. 2002) is misplaced, because that case applied California law, not Montana law.[1]  In addition, here, unlike in *Circuit City Stores*, there is no evidence that LaFountaine signed an acknowledgment form.

Because no contract was formed, the district court's order compelling arbitration was in error.  We therefore reverse that order, vacate the fee award, vacate the judgment dismissing LaFountaine's claims, and remand to the district court for further proceedings.

---

[1] LaFountaine argues that under Montana law, waiver of a party's state and federal constitutional right to a jury trial is valid only if made "knowingly, voluntarily, and intelligently under the totality of circumstances."  *Lenz v. FSC Sec. Corp.*, 414 P.3d 1262, 1272 (Mont. 2018) (citations omitted).  Neither party addresses whether this heightened requirement is preempted by § 2 of the Federal Arbitration Act, 9 U.S.C. § 2.  *See, e.g.*, *Kindred Nursing Ctrs. Ltd. P'ship v. Clark*, 137 S. Ct. 1421, 1426 (2017).  Therefore, we decline to consider that issue here.

**REVERSED, VACATED, and REMANDED.**