**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELETTRA MEEKS, on behalf of themselves and others similarly situated; et al., | Nos. 21-17023, 22-15028 |
| | D.C. No. 21-cv-03266-VC |
| Petitioners-Appellees, | |
| | MEMORANDUM[*] |
| v. | |
| EXPERIAN INFORMATION SERVICES, INC., | |
| Defendant-Appellant, | |
| and | |
| MIDWEST RECOVERY SYSTEMS, LLC, and CONSUMER ADJUSTMENT COMPANY, INC., | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted November 18, 2022
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: S.R. THOMAS and BENNETT, Circuit Judges, and DORSEY,[**] District Judge.

Dissent by Judge S.R. THOMAS.

Experian Information Services (Experian) appeals the district court's denials of its requests to compel arbitration with Elettra Meeks and others similarly situated after they sued Experian under the Fair Credit Reporting Act. Experian seeks to enforce an arbitration provision in a larger agreement that the plaintiffs entered into when they signed up for credit-monitoring services provided primarily by Experian's sister company, Experian Consumer Services (ECS). The text of the arbitration provision binds the plaintiffs and ECS to arbitrate certain disputes and defines ECS to include affiliates, but the larger agreement does not define ECS to include affiliates. "We review de novo the denial of a motion to compel arbitration, while underlying factual findings are reviewed for clear error." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 855 (9th Cir. 2022) (cleaned up). We reverse and remand.

The district court denied Experian's initial motion on the ground that

---

[**] The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

2

Experian is not a party to the arbitration provision.[1]   In doing so, the district court rejected Experian's argument that the arbitration provision is a standalone contract and that its definition of ECS should thus control.   Although the Supreme Court has held that arbitration provisions are "severable" from the larger contracts that contain them, *see Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46 (2006), the district court reasoned that the cases underlying the severability rule concern only "when and how a party to a contract with an arbitration clause may challenge the contract's validity" and do not mean that arbitration provisions within larger agreements are standalone contracts that should be separately analyzed.   But that reasoning ignores that the courts in those cases enforced arbitration provisions, even in the face of challenges to the larger agreements that contain them, precisely because the arbitration provisions were separately enforceable from those larger agreements.   *See, e.g.*, *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010) (holding arbitration provision was enforceable regardless of the party's challenge to the larger agreement because, "unless [the party] challenged the . . . provision specifically, we must treat it as valid" and the

---

[1] The district court also found that Experian forfeited the argument that it could enforce the provision as a third-party beneficiary and, for the same reason, later denied Experian's renewed motion, which was based on a third-party-beneficiary theory.   Because we hold that Experian can enforce the provision as a party, we do not address the third-party-beneficiary argument or whether Experian forfeited it, and Experian's appeal of the district court's denial of its renewed motion is denied as moot.

party challenged only the contract as a whole); *Cardegna*, 546 U.S. at 446 (holding that "because respondents challenge the [a]greement, but not specifically its arbitration provisions, those provisions are enforceable apart from the remainder of the contract"); *see also Brennan v. Opus Bank*, 796 F.3d 1125, 1133 (9th Cir. 2015) (treating employment agreement and arbitration provisions within that agreement as three "separate agreements" that are "each nested inside the other").

Ignoring the arbitration provision's definition of ECS in favor of the larger agreement's definition also violates the canon of California contract interpretation that "[t]he whole of a contract is to be taken together, so as to give effect to every part." Cal. Civ. Code § 1641; *Coral Farms, L.P. v. Mahony*, 63 Cal. App. 5th 719, 727 (2021) (holding that "[c]ontracts are construed to avoid rendering terms surplusage") (citation omitted), *reh'g denied* (May 19, 2021), *review denied* (July 28, 2021). The explicit inclusion of "affiliates" in the arbitration provision's definition of ECS would have no effect and render much of that definition surplusage if the definition in the larger contract—which does not include "affiliates"—completely controlled who is a party to the arbitration agreement.[2]

---

[2] The dissent disagrees, contending that a contract might "include the term 'affiliates' . . . to denote an affiliate's position as an intended third-party beneficiary." In *Murphy v. DirecTV, Inc.*, this court did consider an agreement's text to determine if a corporate affiliate was a third-party beneficiary. 724 F.3d 1218, 1234 (9th Cir. 2013). But *Murphy* involved an agreement with a subsection entitled "Third-Party Beneficiary[,]" whereas the arbitration provision here does not include a third-party beneficiary subsection and instead defines ECS—which

So the district court should have determined whether Experian is a party to the arbitration provision itself and done so under that provision's broader definition of ECS. By looking only to the larger contract's definition of ECS, the district court erred.

The plaintiffs do not dispute that the arbitration provision, and not the larger agreement, is the relevant contract here. Rather, they argue that Experian must be a "signatory" to the arbitration agreement to enforce it and that Experian is not a signatory. But the cases that plaintiffs rely on for that proposition are inapposite and instead either address whether a party can compel a non-party to arbitrate or merely conflate the term signatory and party. *See, e.g.*, *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1229 (9th Cir. 2013) (noting that "generally only signatories to an arbitration agreement are obligated to submit to binding arbitration"); *Revitch v. DIRECTV, LLC*, 977 F.3d 713, 716 (9th Cir. 2020) (suggesting that a *non-signatory* can enforce a contract only as a third-party beneficiary because of the "general rule that one must be a *party* to an arbitration agreement to invoke it") (emphases added). Experian does not seek to compel a non-party to arbitrate, nor does it dispute that it must be a party to the arbitration agreement to directly

---

plainly can enforce arbitration as a party—to include affiliates such as Experian. *Id.* In light of that fact and the fact that the arbitration provision here is expressly titled an "[a]rbitration [a]greement[,]" the best way "to give effect to" the arbitration provision is to treat it as a separate agreement with distinct parties. Cal. Civ. Code § 1641.

5

enforce arbitration; it seeks to enforce arbitration as a party. So whether Experian is a "signatory" is not controlling.

Because the district court's denial of the motion to compel arbitration was the result of a legal error and the record is sufficiently developed to allow us to do so, we hold that Experian is a party to the arbitration provision.[3] *See Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928, 934–35, 938 (9th Cir. 2013) (directing the district court to grant a motion to compel because the district court's denial of that motion was based on an incorrect legal conclusion). As the parties agree, whether Experian is party to the contract turns on whether there is mutual assent. *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). "Courts must determine whether the outward manifestations of consent would lead a reasonable person to believe the offeree has assented to the agreement." *Id.* Here, there is sufficient evidence that Experian sought to be bound by the arbitration provision. The text of the arbitration provision binds plaintiffs to arbitrate with ECS and defines ECS to include "affiliates," and Experian is an affiliate and was so when the plaintiffs entered into the agreement. *See Adams v. AT&T Mobility, LLC*, 524

---

[3] We do not address the plaintiffs' argument that Experian cannot enforce the provision because the dispute does not arise out of the agreement. The agreement delegates issues of scope to the arbitrator to decide. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019) (holding that "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract").

6

F. App'x 322, 324 (9th Cir. 2013) (concluding that a parent company could compel arbitration because the arbitration provision defined "the subject pronoun 'we' to include various additional parties, such as . . . parent companies"); *Cir. City Stores, Inc. v. Najd*, 294 F.3d 1104, 1108 (9th Cir. 2002) (holding that the party's "promise to be bound by the arbitration process itself serves as adequate consideration").   That Experian was an affiliate at the time the contract was formed and that it plays a role in the larger agreement provide additional evidence that it assented to be bound and was not a mere third-party beneficiary.   *Cf. Revitch*, 977 F.3d at 716 n.2, 718 (assuming that DIRECTV was a third-party beneficiary of an arbitration provision in a wireless services agreement that bound affiliates—and holding that DIRECTV could not enforce the provision—as DIRECTV became an affiliate only after the agreement was formed and it "had nothing to do with providing [the] wireless services" contemplated by the agreement).[4]   So we reverse the district court's denial of Experian's initial motion

---

[4] The dissent contends that the court in *Revitch* "did not even entertain the argument that DIRECTV, an AT&T affiliate, was a contractual party to the service agreement's arbitration provision."   But that was because DIRECTV never argued that it was a "contractual party."   The *Revitch* court focused its analysis on "whether DIRECTV qualifies as an 'affiliate' of AT&T Mobility, *as the term is used in the . . . agreement*," and merely concluded that the terms of that particular agreement did not include entities that may become affiliates "years later."   977 F.3d at 717–18 (emphasis added); *cf. id.* at 718 ("Had the . . . agreement stated that 'AT&T' refers to 'any affiliates, both present and future,' we might arrive at a different conclusion.").   As Experian points out, "DIRECTV was *not* an affiliate

7

to compel arbitration, hold that Experian is a party to the arbitration agreement, and remand to the district court with instructions to grant Experian's motion to compel arbitration.

**REVERSED AND REMANDED.**

---

of AT&T *at the time AT&T and the plaintiff entered the agreement*, so DIRECTV could not have been an original party to the contract."

*Meeks v. Experian Info. Servs., Inc.*, Nos. 21-17023, 22-15028

S. R. THOMAS, Circuit Judge, dissenting:

The question in this case is whether Experian may compel arbitration as a party even though it is not a party to the contract. I agree with the district court's determination that Experian may not do so. Therefore, I respectfully dissent.

The majority holds that Experian may compel arbitration because it is an "affiliate," and "affiliates" are referenced in the arbitration provision. Experian is not listed by name anywhere in the contract, and Experian and "affiliates" are not parties to the Terms of Use Agreement that includes the arbitration provision. Under California law, an entity who is referenced in an arbitration provision but is not a party to the overall contract cannot compel arbitration as a contractual party. Rather, such an entity—like Experian—must do so through an alternative theory like the third-party beneficiary rule.

When deciding whether a litigant may compel arbitration, a court must first consider "whether a valid agreement to arbitrate exists" under state contract law. *Revitch v. DIRECTV, LLC*, 977 F.3d 713, 716 (9th Cir. 2020) (citation omitted). Under California law, "one must be a party to an arbitration agreement to be bound by it or invoke it." *DMS Servs., LLC v. Superior Ct.*, 205 Cal. App. 4th 1346, 1352 (2012) (citation omitted). This rule has several "limited exceptions," including the third-party beneficiary doctrine, which can allow "nonsignatories to an agreement

containing an arbitration clause to compel arbitration of, or be compelled to arbitrate, a dispute arising within the scope of that agreement." *Id.* at 1353.

In *Revitch v. DIRECTV, LLC*, 977 F.3d 713 (9th Cir. 2020), this court held that DIRECTV could not compel arbitration because "it was not and is not now a party to the wireless services agreement between Revitch and AT&T Mobility." *Id.* at 718. Even though the arbitration provision broadly defined "AT&T" to encompass its "affiliates"—much like the provision at issue here—the court did not even entertain the argument that DIRECTV, an AT&T affiliate, was a contractual party to the service agreement's arbitration provision. *See id.* at 716–18; *see also Revitch v. DIRECTV, LLC*, No. 18-cv-01127, 2018 WL 4030550, at *2–3 (N.D. Cal. Aug. 23, 2018). Instead, the court stated that DIRECTV could only "avoid the 'general rule that one must be a party to an arbitration agreement to invoke it,'" by demonstrating that the "'operati[on]' of law has 'established[d] a privity'" through a third-party beneficiary theory. 977 F.3d at 716 n.2. The same logic applies here: since Experian is not a contractual party to the Terms of Use Agreement, it may only compel arbitration if it demonstrates that the third-party beneficiary doctrine applies.

The Supreme Court's severability cases do not compel a different result. Those cases state that "an arbitration provision is severable from the remainder of

the contract," and they hold that an arbitrator must resolve a plaintiff's threshold challenge to the validity of a broader contract containing an arbitration agreement unless the plaintiff has specifically challenged the "severable" arbitration provision. *See, e.g.*, *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46 (2006). However, plaintiffs do not challenge the validity of the Terms of Use Agreement here. And neither Experian nor the majority cite any cases applying the severability principle to a situation like this one, in which a non-party to a broader contract claims to be a party only to the arbitration provision.

The surplusage canon does not change the outcome either, because the arbitration provision's definition of "ECS" to include its "affiliates" is not superfluous. A contracting party might very well choose to include the term "affiliates" in the arbitration provision to denote an affiliate's position as an intended third-party beneficiary. *See Hess v. Ford Motor Co.*, 27 Cal. 4th 516, 524 (2002) (noting that the contracting parties' intent to benefit a third party is a "question of ordinary contract interpretation" that "is to be ascertained from the writing alone, if possible" (citations omitted)); *see also Figueroa v. Delta Galil USA, Inc.*, No. 18-cv-07796, 2021 WL 105519, at *5 (N.D. Cal. Feb. 16, 2021) (interpreting contractual language similar to the arbitration provision at issue here as "unmistakably contemplat[ing] the role of [affiliates] as third-party

3

beneficiaries").

In short, the arbitration provision did not create a separate, broader set of contractual parties than the Terms of Use Agreement, and Experian is not a party to that overarching contract. Because the district court properly determined that Experian is not a contractual party under California law, I would affirm the judgment of the district court.