NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHAD CARTER, | No.   16-15835 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00178-GMN-CWH |
| v. | |
| RENT-A-CENTER, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Argued and Submitted October 20, 2017
San Francisco, California

Before:  WALLACE and CALLAHAN, Circuit Judges, and RESTANI,** Judge.

Plaintiff, Chad Carter (Carter), appeals from the district court's decisions compelling arbitration on an individual basis and denying Carter's motion for reconsideration of an order dismissing Carter's complaint, including his class

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

claims.  We affirm.[1]

1.  An order to compel arbitration is not ordinarily appealable, *see* 9 U.S.C. § 4, but we have appellate jurisdiction where the district court compels arbitration and dismisses the action.  *See Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014).  Although the dismissal here was "without prejudice," the district court's orders and their context "sufficiently show that the court intended to close this case without precluding the parties from bringing a new action after completing arbitration.  It is only in this sense that the dismissal was 'without prejudice.'"  *Interactive Flight Techs., Inc. v. Swissair Swiss Air Transp. Co.*, 249 F.3d 1177, 1179 (9th Cir. 2001) (rejecting the argument that the court lacked appellate jurisdiction because the district court's dismissal was without prejudice).

2.  The decision to grant a motion to compel arbitration, including the determination of the validity of an arbitration agreement, is reviewed de novo. *Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC*, 816 F.3d 1208, 1211 (9th Cir. 2016).  Carter does not challenge the district court's decision to compel arbitration, but only the decision to compel arbitration on an individual basis.  That decision is based on the district court's ruling that the class action waiver provision in the

---

[1]    The facts are familiar to the parties and are restated here only as necessary to resolve the legal issues of the appeal.

2

"Lease-Purchase Agreement" is enforceable. Carter argues the class action waiver provision is unconscionable under Nevada law.

Carter's argument is foreclosed by *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011). We have interpreted *Concepcion* as foreclosing any argument that a class action waiver, by itself, is unconscionable under state law or that an arbitration agreement is unconscionable solely because it contains a class action waiver. *See Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc) (plaintiffs' argument that a class action waiver in a promissory note is unconscionable under California law "is now expressly foreclosed by *Concepcion*"); *Johnmohammadi*, 755 F.3d at 1074 (noting that plaintiff, who challenged the enforceability of a class action waiver in her employment contract, could not "argue that the class-action waiver is unenforceable under California law") (citing *Concepcion*, 563 U.S. at 347–48). Nevada courts are in accord. *See Tallman v. Eighth Jud. Dist. Ct.*, 359 P.3d 113, 122 (Nev. 2015) ("*Concepcion* teaches that the FAA protects class waivers in arbitration agreements, even when requiring individual arbitration hampers effective vindication of statutory claims.").

Carter's rationale for applying Nevada's unconscionability doctrine to invalidate the class action waiver is indistinguishable from the California Supreme Court's rationale in *Discover Bank v. Superior Court*, 36 Cal. 4th 148 (2005), a

3

case expressly overruled by *Concepcion*.[2]

3. Even if Carter's unconscionability argument were not barred by *Concepcion*, his argument of procedural unconscionability is unavailing. The Lease-Purchase Agreement, together with the arbitration agreement, is not a classic "take-it-or-leave-it" contract. The arbitration agreement sets forth a procedure for opting out of the arbitration agreement and states this option in prominent bold lettering near the top of the first page of the agreement. Carter was thus free to do business with defendant, Rent-A-Center, Inc. (Rent-A-Center), without being bound by the arbitration agreement. *See Kilgore*, 718 F.3d at 1059 (concluding the arbitration provision was not procedurally unconscionable because it allowed students obtaining loans to reject arbitration within sixty days of signing the promissory note); *Circuit City Stores, Inc. v. Ahmed*, 283 F.3d 1198, 1199 (9th Cir. 2002) ("[T]his case lacks the necessary element of procedural unconscionability.

---

[2] To be clear, *Concepcion* does not foreclose application of state unconscionability doctrines to arbitration agreements generally. *See Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1142–43 (2013) ("[A]fter *Concepcion*, unconscionability remains a valid defense to a petition to compel arbitration."). However, Carter's unconscionability argument is directed at the class action waiver provision only. He does *not* contend the entire arbitration agreement—or any aspect of it other than the class action waiver—is unconscionable. Our decision does not provide a "sweeping reading of *Concepcion*" as asserted in the concurring opinion. Rather, our decision is based on the ground that Carter's argument is foreclosed by *Concepcion* because, as the concurrence states, the "argument is materially indistinguishable from the rationale underlying the *Discover Bank* rule invalidated in *Concepcion*."

4

Ahmed was not presented with a contract of adhesion because he was given the opportunity to opt-out of the Circuit City arbitration program by mailing in a simple one-page form [within thirty days].").

4.  The denial of a motion for reconsideration is reviewed for abuse of discretion. *Smith v. Pac. Properties & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004).  Carter, concerned that the district court might have dismissed his class claims with prejudice, argues the district court abused its discretion by not clarifying whether the dismissal was with or without prejudice.  The order dismissing the complaint clearly states the dismissal was without prejudice, which Rent-A-Center concedes.  Carter has not shown an abuse of discretion.

**AFFIRMED.**

FILED

DEC 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WALLACE, Circuit Judge, concurring in the result:

I concur in the result, but write separately to express my disagreement with the majority's reading of *Concepcion*. Unlike my colleagues, I do not read *Concepcion* as categorically foreclosing Carter, or any other consumer, from arguing that class action waivers in arbitration agreements are unconscionable under state law.

## I.

The issue in *Concepcion* was whether the Federal Arbitration Act (FAA) preempted California's judge-made *Discover Bank* rule that classified most class action waivers in consumer contracts as unconscionable. *AT & T Mobility LLC v. Concepcion*, 563 U.S. 333, 340 (2011). The Supreme Court answered this question in the affirmative, and stressed that the *Discover Bank* rule—which provided that class action waivers were unconscionable when they involved contracts of adhesion, small amounts of damages, and disparities in bargaining power between companies and customers—disfavored arbitration. *Id.* at 341–42. The Court explained the rule could not stand because it effectively conditioned the enforceability of arbitration agreements on the availability of classwide arbitration procedures, thereby interfering with fundamental attributes of arbitration. *Id.* at 344.

The holding in *Concepcion* reflected and reaffirmed the core principle of the Supreme Court's arbitration jurisprudence: that "courts must place arbitration agreements on an equal footing with other contracts." *Id.* at 339 (citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)). This principle also is reflected in section 2 of the FAA itself, which provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under this saving clause, arbitration agreements may be invalidated by "'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Concepcion*, 563 U.S. at 339 (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)). In other words, the FAA recognizes the applicability of state-law based contract defenses, including unconscionability, but preempts state-law rules that disfavor or have a disproportionate impact on arbitration. *Id.* at 343–44.

Consistent with this equal footing principle, the Court in *Concepcion* invalidated the *Discover Bank* rule because the rule applied unconscionability law in a way that was hostile to arbitration. *See id.* at 343 ("Although § 2's saving clause preserves generally applicable contract defenses, nothing in it suggests an

2

intent to preserve state-law rules that stand as an obstacle to the accomplishment of the FAA's objectives."). But the case did not call into question the availability of state-law based unconscionability doctrine as a means of challenging class action waivers under appropriate circumstances. Indeed, to read *Concepcion* as doing so would turn the equal footing principle on its head by inoculating core provisions of arbitration agreements from challenge. I do not think *Concepcion* can be so read, nor do I think the FAA compels such a reading.

## II.

The cases my colleagues cite to support their sweeping reading of *Concepcion* are either distinguishable or do not directly support the proposition for which they are cited. In *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013), we stated that *Concepcion* "expressly foreclosed" plaintiffs' argument that a class action waiver was unconscionable under California law. But that determination reflected the fact that the district court had relied on the *Discover Bank* rule to hold the waiver at issue unconscionable. Our statement that plaintiffs' unconscionability argument was "foreclosed by *Concepcion*" simply recognized the impact of *Concepcion* on the continued validity of the *Discover Bank* rule. We did not use *Kilgor*e to hold that all state-law unconscionability challenges to class action waivers were barred by *Concepcion*.

3

The majority also cites *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014), in which we stated in dicta, citing *Concepcion*, that plaintiff could not argue the class action waiver in that case was unenforceable under California law. But the plaintiff in *Johnmohammadi* did not challenge the waiver at issue on unconscionability grounds. Rather, the issue in *Johnmohammadi* was whether federal labor law rendered the waiver unenforceable. Our dicta in that case should not be read as affirming an interpretation of *Concepcion* that was neither advanced by the parties, nor relevant to the disposition of the case.

Finally, the majority cites *Tallman v. Eighth Jud. Dist. Ct.*, 359 P.3d 113 (Nev. 2015), where the Nevada Supreme Court acknowledged that *Concepcion* overruled a previous Nevada Supreme Court decision holding that class action waivers in arbitration agreements were unenforceable because such waivers violated Nevada's public policy. But this aspect of the *Tallman* decision was simply a natural application of the "equal footing" principle—i.e., that state law (in this case, Nevada's public policy favoring class actions) could not be applied in a way that disfavored arbitration. No part of the *Tallman* decision established a rule that *Concepcion* categorically bars unconscionability challenges to class action waivers in arbitration agreements.

III.

The majority's reading of *Concepcion* also fails to take into account the diversity of the common law. State unconscionability doctrines vary in subtle but important ways, and *Concepcion* was not premised on the assumption that all such doctrines were as equally hostile to arbitration as the *Discover Bank* rule. Rather than establish an *ex ante* preclusion rule foreclosing unconscionability arguments altogether, *Concepcion* provides a principle to which state-law rules must adhere to survive federal preemption. This makes sense given that not all state unconscionability doctrines resemble the *Discover Bank* rule invalidated in *Concepcion*.

A brief hypothetical illustrates the point. Assume that a consumer signs an arbitration agreement containing a class action waiver, and that Washington law governs disputes over enforceability of the waiver. Assume also that the consumer subsequently seeks to invalidate the class action waiver by arguing the waiver is unconscionable under Washington law. On these facts, *Concepcion* would not necessarily require preemption of the state-law rule. This is because Washington law permits a finding of unconscionability on the basis of procedural unconscionability alone, *Gandee v. LDL Freedom Enters., Inc.*, 293 P.3d 1197, 1199 (Wash. 2013), which may be present when the manner in which the contract was entered, and the format and presentation of the contractual terms, indicates a

5

party lacked meaningful choice, *Zuver v. Airtouch Commc'ns, Inc.*, 103 P.3d 753, 759–60 (Wash. 2004) (en banc). Also, unlike the *Discover Bank* rule, Washington's procedural unconscionability doctrine neither "derive[s] [its] meaning from the fact that an agreement to arbitrate is at issue," nor is formulated in a way that disfavors arbitration. *Concepcion*, 563 U.S. at 339. A hypothetical consumer presumably could challenge a class action waiver under Washington law by arguing the waiver was presented in fine print or was expressed in convoluted language, or by alleging some other form of procedural unconscionability not at issue in *Concepcion*. Such a challenge would be entirely consistent with *Concepcion*'s holding and rationale. That my colleagues' reading of the case would bar such a valid challenge highlights the error in their interpretation.

IV.

I harbor no delusions about *Concepcion*'s far-reaching impact on consumers' ability to challenge class action waivers on the basis of unconscionability. In holding that the FAA preempted the *Discover Bank* rule, the Supreme Court made clear that some of the most common features of an unconscionability challenge—in particular, the adhesive nature of consumer agreements and the vast disparity in bargaining power between companies and their customers—will not invalidate class action waivers in arbitration agreements.

6

In practice, this makes it extremely difficult to invalidate class action waivers on the basis of unconscionability. That result, however, does not justify the conclusion that *Concepcion* categorically forecloses all such challenges. Although *Concepcion* makes clear that generally applicable contract defenses will not survive federal preemption when those defenses are hostile to arbitration, for the reasons stated above I do not think the decision eliminates unconscionability challenges to class action waivers altogether.

Nonetheless, I agree with my colleagues that Carter's unconscionability argument fails on the merits. Carter argues, based upon Nevada law, that the class action waiver in this case is unconscionable because the waiver is a one-sided contract of adhesion that was presented by a party with superior bargaining power. This argument is materially indistinguishable from the rationale underlying the *Discover Bank* rule invalidated in *Concepcion*. Therefore, while I disagree with the majority's sweeping reading of *Concepcion*, I concur in the result reached here.